**PATSY OIL & GAS CO. v. ROBERTS.**

No. 2597.

Circuit Court of Appeals, Tenth Circuit.

Jan. 6, 1943.

Hobert G. Orton, of Ada, Okl., and R. Rhys Evans, and George N. Otey, both of Ardmore, Okl., for appellant.

James F. Haning, of Ada, Okl., for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

By statutory suit, the appellee recovered a judgment against his employer, the appellant, for overtime compensation, liquidated damages, and attorney fees, under the provisions of the Fair Labor Standards Act of 1938, 52 Stat. 1060-1069, 29 U.S.C.A. §§ 201–219. No issue is raised concerning coverage under the Act, neither are the factual findings of the court challenged here. The principal question presented by this appeal is the correct formula for the determination of "regular rate" of pay (Section 7), at which appellee was employed, for the purpose of computing overtime compensation.

The appellant, hereinafter called employer, is engaged in the production of oil and gas, and the appellee was, on the dates material here, employed as a pumper of wells owned by his employer prior to the effective date of the Fair Labor Standards Act (October 24, 1938).

The trial court found that effective October 24, 1938, the employer and employee

entered into an oral agreement whereby the employee was to work eight hours a day, seven days a week (fifty-six hours), for a monthly salary of $110.00; that the employee continued to work and receive this salary until June 15, 1940. Effective June 16, 1940, the employee agreed to work eight hours a day, seven days a week, for a monthly salary of $90.00, and the employee worked and received this salary until September 15, 1940. The court specifically found that there was no agreement between the parties specifying the employee's hourly rate of pay, and no agreement or understanding concerning compensation for hours worked in excess of the maximum provided by Section 7 of the Act. Following what it deemed the correct legal formula as approved in Overnight Motor Transportation Company v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L. Ed. 1682, the trial court determined the regular hourly rate of pay of the employee to be forty-five cents, by dividing the weekly wage (monthly wage of $110.00 x 12 months divided by 52 weeks equals $25.38) by fifty-six weekly contract hours. Using this quotient as a regular rate, the overtime compensation was computed on the basis of a statutory forty-four hour work week for the first year from the effective date of the Act, and for a statutory forty-two hour work week for the second year after the effective date of the Act.

The appellant argues that the formula employed by the trial court and approved in the Missel case, applies to work weeks of "variable and fluctuating hours" and has no application where, as here, the parties agreed upon a stipulated salary for a fixed or specified number of hours. Thus "where a weekly lump sum wage is stipulated for a fixed number of hours (regular hours and overtime hours) the regular rate of pay may easily and properly be arrived at by translating the hours contracted to be worked into terms of regular hours and dividing the result thus obtained into weekly wage". An illustration of this formula, based upon the attendant facts, is set out in the footnote.[1]

This argument falls by its own premise since under the undisputed facts, the employee worked fifty-six hours per week and not sixty-two (see footnote), which, according to the proposed formula, he must have worked in order to have arrived at the result for which the appellant contends. Moreover, we think it is now abundantly clear from the adjudicated decisions that in the absence of a contract or agreement specifying a basic hourly rate of pay, not less than the statutory minimum, and not less than time and one-half that rate for every hour of overtime work beyond the maximum hours fixed by the Act, see Walling v. A. H. Belo Corporation, 316 U.S. 624, 634, 62 S.Ct. 1223, 86 L.Ed. 1716, the basic hourly rate or the regular rate is ascertained by the application of the formula used by the trial court in computing overtime compensation, and this formula applies whether the hours worked are "certain or variable". Overnight Motor Transportation Company v. Missel, supra [316 U.S. 572, 62 S.Ct. 1221, 86 L.Ed. 1682]; Mid-Continent Pipe Line Company v. Hargrave, 10 Cir., 129 F.2d 655; Warren-Bradshaw Drilling Company v. Hall, 5 Cir., 124 F.2d 42, affirmed 63 S.Ct. 125, 87 L.Ed. ——.

It is further contended that the parties contemplated compliance with the Act, and to that extent the applicable provisions entered into and became a part of the employment contract, hence the fifty-six hour work week included the forty-four hour statutory work week and twelve hours overtime, for which the employee was paid an amount in excess of the statutory minimum wage for the statutory work week, plus time and one-half that rate for the overtime hours worked beyond the statutory maximum. It is urged that such an agreement meets the statutory requirements. It may be conceded that the hours worked in excess of the statutory maximum are to be considered as overtime hours, and that the employer intended to compensate the employee therefor at the rate of time and one-half the regular rate. But in the absence of a specific agreement, the regular rate is not the statutory minimum for the

---

[1] The statutory work week is 44 hours. The contract week is 56 hours. The weekly wage is $25.38.

56 contract hours equals 44 regular hours, plus 12 overtime hours.

12 overtime hours equals (1½x12) 18 regular hours.

44 regular hours plus 18 regular hours (12 overtime hours converted into regular hours) equals 62 regular hours.

The weekly wage $25.38 divided by 62 equals .4093c per hour, the regular rate.

purpose of computing overtime compensation. There is no such agreement here and the statute will not supply it. In these circumstances, the regular rate is the wages divided by the hours worked, whether certain or variable. See Overnight Motor Transportation Company v. Missel, supra; Cf. Walling v. Belo Corporation, supra.

The judgment is affirmed.