**Milton LINN, Appellant,**

v.

**ULA URANIUM, INC., a corporation; Radium King Mines, Inc., a corporation; and Hersey W. Young, Jr., Appellees.**

**No. 6002.**

United States Court of Appeals
Tenth Circuit.

April 18, 1959.

Irwin Arnovitz, Salt Lake City, Utah, for appellant.

Allan E. Mecham, Salt Lake City, Utah (Clyde & Mecham and David L. McKay, Salt Lake City, Utah, on the brief), for appellees.

Before BRATTON, Chief Judge, PICKETT, Circuit Judge, and KNOUS, District Judge.

BRATTON, Chief Judge.

Milton Linn instituted this action against Ula Uranium, a corporation, and Radium King Mines, a corporation. The substance of the cause of action pleaded in the complaint was that Hersey W. Young, Jr., obtained a mining lease covering certain mining claims in Utah; that Young subleased the claims to A. W. Hutchings; that in the sublease Hutchings agreed to pay to Young as rental twenty-two and one-half per cent of the value of all ores, metals, and minerals mined and sold from the premises, and twenty-two and one-half per cent of any bonus paid by the Atomic Energy Commission for the production of ores; that Hutchings assigned his interest under the terms of such lease to the defendant Ula Uranium; that Young assigned to plaintiff five per cent of the value of all ores, metals, and minerals mined and sold from such claims and also five per cent of any bonus paid by the Atomic Energy Commission for the production of ores; that the defendant Ula Uranium conducted mining operations on the property for a time; that such defendant then entered into a working agreement with the defendant Radium King Mines under which the latter thereafter conducted mining operations; that ores, metals, and minerals had been and were being mined from the property and sold; and that the defendants refused to account to plaintiff for his interest therein. Judgment was sought requiring the defendants to account. Leave of court having been obtained, Young intervened and aligned himself with the defendants. In its opinion, the trial court stated the case, made detailed findings of fact, and reached the conclusion that plaintiff was not entitled to recover. 163 F.Supp. 245. Judgment was entered in favor of the defendants and the intervenor. An appeal brought the judgment here for review.

■ The asserted interest of Linn in the ores, metals, and minerals produced from the mining claims, or the proceeds therefrom, was predicated solely upon the assignment given by Young to Linn. Unless the assignment had the effect of passing to Linn and vesting in him at the time of the institution of the action such interest, the cause of action pleaded in the complaint and sought to be established at the trial was completely without foundation. The court stated in its opinion that the crucial question of fact in the case was whether the assignment was given to secure a promissory note of $25,000 executed by Young and payable to Linn or was intended solely to place Linn in a position to procure from third parties a loan for Young's other purposes. And upon that crucial question of fact, the court expressly found that the assignment was given for the purpose of Linn's attempt to obtain for Young a loan from third parties, the proceeds of such loan to be used by Young for his purposes; that the assignment was not intended by Young to be security for the payment of any obligation of Young to Linn; and that if Linn so intended such assignment, it was an undisclosed intention on his part. The finding is challenged on the ground that it is not supported by the evidence; that it is against the weight of the evidence; and that it is clearly erroneous. Rules of Civil Procedure, rule 52(a), 28 U.S.C., constitutes a controlling mandate that in an action tried before the court without a jury, findings of fact shall not be set aside on appeal unless they are clearly erroneous, due regard being had for the opportunity of the trial court to judge the credibility of the witnesses. It is settled law however that even though there is evidence to support a finding of fact, it is clearly erroneous within the purview of the rule and may be set aside on appeal if the reviewing court on the entire record entertains the definite and firm conviction that a mistake was committed. United States v. United States Gypsum Co., 333 U.S. 364, 394–395, 68 S.Ct. 525, 92 L.Ed. 746; Gutowsky v. Jones, 10 Cir., 178 F.2d 60, certiorari denied 339 U.S. 948, 70 S.Ct. 803, 94 L.Ed. 1362.

■ The general rule that even though a finding of fact is supported

by evidence, it may be overturned on appeal if the reviewing court on the entire record entertains the definite and firm conviction that a mistake was committed does not avail Linn anything. A careful review of the entire record leads us to the firm conclusion that the challenged finding of the trial court is adequately supported by evidence and is not clearly erroneous. Therefore, it must stand undisturbed.

The evidence disclosed without conflict that Linn did not obtain for Young the loan referred to in the finding of the court. Linn admitted in the course of his testimony that he did not obtain the loan. Therefore, the assignment was without consideration and accordingly unenforceable. And since the assignment did not have the effect of passing to Linn and vesting in him at the time of the institution of the action any interest in the ores, metals, and minerals mined from the mining claims, or the proceeds thereof, the action was without any sustainable basis.

Other questions are presented but it is unnecessary to explore them.

The judgment is

Affirmed.