**J. O. LEGG, Appellant,**

v.

**ROCK PRODUCTS MANUFACTURING CORPORATION, a corporation, Appellee.**

**No. 6896.**

United States Court of Appeals
Tenth Circuit.

Aug. 27, 1962.

J. E. Williams, Ardmore, Okl. (E. H. Williams, Williams & Williams, Ardmore, Okl., and J. E. Bullard, Tishamingo, Okl., were with him on the brief), for appellant.

Frank H. Jaques, Ada, Okl. (Harvey J. Lambert and Kerr, Lambert, Conn & Roberts, Ada, Okl., of counsel, were with him on the brief), for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant Legg (Employee) brought suit under 29 U.S.C.A. § 216(b) against appellee Rock Products Manufacturing Corporation (Employer) to recover over-time compensation, liquidated damages, and attorney's fees. After trial without a jury, the court below dismissed the action on the ground that Employee served in a bona fide executive and administrative capacity as those terms are defined in the regulations appearing at 29 U.S.C.A.Appendix §§ 541.1 and 541.2 and, hence, was within the exemption provided by 29 U.S.C.A. § 213(a) (1).

Employer is engaged in the quarrying and processing of dolomitic limestone for interstate commerce and is admittedly subject to the Fair Labor Standards Act.[1] Employee began work in Employer's quarry and plant near Tishomingo, Oklahoma, in November, 1950, and terminated voluntarily in September, 1960. Employee started as general superintendent and concedes that he worked in an executive capacity until the fall of 1952. From then and until April 1, 1960, he was plant and quarry superintendent and from the latter date until separation from the employment he was quarry superin-

tendent. Employee contends that he did not work in an executive or administrative capacity after the 1952 change of position and insists that thereafter he devoted more than 20% of his time to manual labor.

The first count of the complaint covers the period November 1, 1958, to September 19, 1960, the period immediately preceding termination of employment and the filing of the complaint herein. The second count covers the period October 31, 1957, to November 1, 1958. The court below held that the second count was barred by the 2-year statute of limitations[2] and as that point is not briefed or argued in this court it is deemed waived.[3]

Employee urges that a claim of exemption is a defense which the Employer is required to but did not plead affirmatively.[4] This is not a case like Schmidtke v. Conesa, 1 Cir., 141 F.2d 634, where the defendant alleged that the overtime work was done for another and the appellate court reversed the trial court decision that the employment had been in a professional capacity. Here, Employer specifically averred in its answer that it "did employ the complainant in an administrative capacity as Superintendent of the Defendant's plant and quarry." The allegation was sufficient to prevent surprise,[5] as is shown by Employee's presentation of evidence in his main case on the issue of exemption. It was not necessary to enlarge the allegation to include the legal conclusion that an employee serving in an administrative capacity is exempt from the over-time provisions of the Act.

Employee presented his personal records of his claimed overtime work. That overtime was not reflected in the books of Employer and was not called to the attention of Employer until after Employee's voluntary separation from serv-

1. 29 U.S.C.A. § 201 et seq.

2. 29 U.S.C.A. § 255(a).

3. Watts v. United States, 10 Cir., 220 F.2d 483, 485, certiorari denied 349 U.S. 939, 75 S.Ct. 785, 99 L.Ed. 1267.

4. See Rule 8(c) F.R.Civ.P., 28 U.S.C.A.

5. Cf. Decker v. Korth, 10 Cir., 219 F.2d 732, 739, certiorari denied 350 U.S. 830, 76 S.Ct. 61, 100 L.Ed. 740.

ice. Relying on Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515, rehearing denied 329 U.S. 822, 67 S.Ct. 25, 91 L.Ed. 699. Employee insists that his evidence was sufficient to show the amount and extent of the overtime work and that Employer did not sustain the burden, which then shifted to it, to come forward with the necessary rebutting evidence.

The exemption provisions of the Act are to be narrowly construed with due regard to the plain meaning of the language of the Act and the intent of Congress.[6] One asserting that an employee is exempt from the wage and hour provisions of the Act has the burden of establishing the exemption affirmatively and clearly.[7]

The terms "bona fide executive capacity" and "bona fide administrative capacity" as used in the exemption statute[8] are defined by regulations which fix absolute criteria determinative of the question of exemption.[9] An executive employee is pertinently defined[10] as one whose primary duty is the management of the enterprise or a recognized department thereof; and who customarily directs the work of two or more employees; and who has the authority to hire or fire other employees and whose suggestions and recommendations as to employee status will be given particular weight; and who customarily and regularly exercises discretionary powers; and who does not devote more than 20% of his time to activities not directly and closely related to those activities just mentioned with exceptions to be noted later; and who is paid on a salary basis of not less than $80 per week.

The definition of an administrative employee, so far as material[11] includes one whose primary duty is the performance of office or nonmanual field work directly related to management policies or general business operations; and who customarily exercises discretion and independent judgment; and who regularly and directly assists a proprietor; and who does not devote more than 20% of his time to activities not directly and closely related to those activities just noted with exceptions discussed later; and who is paid on a salary or fee basis of not less than $95 a week.

Each definition provides that an employee who is compensated on a salary basis of not less than $125 per week[12] and whose primary duty is the performance of certain functions shall be deemed to have met all the requirements of the definitions. While Employer insists that Employee comes within these provisos, we decline to dispose of the case on this basis because the record is not clear as to whether the salary was within the required minimum after February 2, 1959.

Employee says that the criteria established by the definitions are not satisfied because he devoted more than 20% of his time to manual labor. The definition of an executive employee[13] includes within that class an employee,

"Who does not devote more than 20 percent of his hours worked in the workweek to activities which are not directly and closely related to the performance of the work described [in the previous paragraphs of the definition]: *Provided*, That this paragraph shall not apply in the case of an employee who is in sole charge of an independent estab-

6. A. H. Phillips, Inc. v. Walling, 324 U.S. 490, 493, 65 S.Ct. 807, 89 L.Ed. 1095.

7. McComb v. Farmers Reservoir & Irrigation Co., 10 Cir., 167 F.2d 911, 915, modified on other grounds 337 U.S. 755, 69 S.Ct. 1274, 93 L.Ed. 1672, rehearing denied 338 U.S. 839, 70 S.Ct. 31, 94 L.Ed. 513. See also, Walling v. General Industries Co., 330 U.S. 545, 548, 67 S.Ct. 883, 91 L.Ed. 1088.

8. 29 U.S.C.A. § 213(a) (1).

9. Walling v. Yeakley, 10 Cir., 140 F.2d 830, 832.

10. 29 U.S.C.A.Appendix § 541.1.

11. 29 U.S.C.A.Appendix § 541.2.

12. Prior to February 2, 1959, the amount was $100 per week.

13. 29 U.S.C.A.Appendix § 541.1.

lishment or a physically separated branch establishment, or who owns at least a 20-percent interest in the enterprise in which he is employed."

The comparable portion of the definition of an administrative employee is the same except for the omission of the proviso.

While the evidence on the amount of time spent by Employee in manual labor is in sharp conflict, the record convinces us, and the trial court found, that the manual labor which Employee did bore a direct and close relationship to the performance of his managerial responsibilities. This brings him within the criteria.

Employee's argument that Employer has breached the rule laid down in 29 U.S.C.A. § 211(c) and upheld in Anderson v. Mt. Clemens Pottery Co., supra, that the employer has the duty to make and keep proper records of "wages, hours, and other conditions and practices of employment" avails him nothing. He does not claim that Employer's records were insufficient in the case of an exempt executive or administrative employee.[14] The employer has to decide, at its peril, which employees are covered and which are exempt.[15] Failure to keep the required overtime-hour records would be important only if Employee were found to be employed in a nonexempt capacity.

■ On the basis of substantial evidence appearing in the record the trial court found that at all pertinent times Employee had an office and a secretary; that he received a salary in excess of $100.00 per week exclusive of board, lodging, and other facilities; that his primary duty was the management of either the plant or quarry and this duty primarily involved office and nonmanual field work directly related to the business operations of Employer; that he customarily and regularly directed the work of two or more other employees; that he exercised discretion and independent judgment; that he had the authority to hire and fire and that his recommendations as to employee status were given particular weight; that he regularly and directly assisted the President and Vice-President of Employer in their management functions; and that while he occasionally engaged in manual labor, such manual labor involved less than 20% of the hours which he worked in any workweek and was directly and closely connected with his primary duties of management and administration.

These findings bring the Employee within both the executive and administrative definitions. Nothing would be gained by an attempt to determine whether he was an executive or an administrator. The definitions, perhaps necessarily, overlap.[16] It may be that an administrator is not necessarily an executive and that in practice, the term "executive" is broad enough to include one having administrative duties,[17] but the distinction is unimportant as the controlling elements of each definition have been met.

On the record presented the findings of the trial court are sustained by substantial evidence, are not clearly erroneous, and may not be set aside by the reviewing court.[18] The findings establish that the Employee was in a status exempt from the overtime provisions of the Fair Labor Standards Act.

Affirmed.

14. See regulation appearing at 29 U.S.C.A. Appendix § 516.3.

15. George Lawley & Son Corporation v. South, 1 Cir., 140 F.2d 439, 442, certiorari denied 322 U.S. 746, 64 S.Ct. 1156, 88 L.Ed. 1578.

16. See Jones v. Bethlehem-Fairfield Shipyard, D.C.Md., 75 F.Supp. 86, 93.

17. Burke v. Lecrone-Benedict Ways, D.C. Mich., 63 F.Supp. 883, 885.

18. Rule 52(a) F.R.Civ.P.; United States v. United States Gypsum Co., 333 U.S. 364, 394–395, 68 S.Ct. 525, 92 L.Ed. 746; Linn v. Ula Uranium, Inc., 10 Cir., 265 F.2d 916, 917.