**Frank S. ALLEY, Plaintiff,**

v.

**James O. COMELLA, trading as J. O. C. Terminals, Defendants.**

**Civ. A. No. 63-886.**

United States District Court
W. D. Pennsylvania.
June 3, 1965.

John P. Liekar, Canonsburg, Pa., for plaintiff.

Robert L. Ceisler, Washington, Pa., for defendants.

MARSH, District Judge.

This is an action for unpaid overtime compensation, liquidated damages and an attorney's fee, brought under § 16(b) of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b). The defense is that the plaintiff was at all pertinent times employed in a "bona fide executive" and/or "administrative" capacity within the meaning of 29 U.S.C. § 213(a)(1),[1] wherefore the provisions of 29 U.S.C. § 207[2] do not apply. At the pretrial conference, counsel stipulated

1. 29 U.S.C. § 213(a) (1) provides in pertinent part:

"§ 213. *Exemptions*

"(a) The provisions of sections 206 and 207 of this title shall not apply with respect to—

"(1) any employee employed in a bona fide executive, administrative, or professional capacity * * * (as such terms are defined and delimited from time to time by regulations of the Secretary * * *) * * *."

2. 29 U.S.C. § 207 provides in pertinent part:

"§ 207. *Maximum hours*

"(a) (1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce for a workweek longer than forty hours, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed * * *."

that the *sole* issues to be tried were (1) whether the plaintiff was paid a "salary" within the meaning of 29 C.F.R. § 541.1 (f) and/or 29 C.F.R. § 541.2(e); and, if so, then (2) whether the plaintiff devoted more than 20 percent of his hours of work in the workweek to activities which were not directly and closely related to the performance of the work described in ¶¶ (a) through (d) of 29 C.F.R. § 541.1 and/or ¶¶ (a) through (c) of 29 C.F.R. § 541.2.[3] After non-jury trial, I hold in favor of the defendant employer and assign in support of my decision the following:

## FINDINGS OF FACT

1. Plaintiff, Frank S. Alley, a resident of Washington, Pennsylvania, was employed by the defendant at the latter's Washington, Pennsylvania, freight terminal during the period commencing October 15, 1961, and ending on May 25, 1962.

2. The defendant conducted a single proprietorship business based at the aforesaid terminal, the primary purpose of which was the solicitation and dispatching of interstate freight to be transported by freight carriers represented by him under certificate rights granted by the Interstate Commerce Commission. Another important function of the defendant's operation was the establishment of similar terminals throughout the country, to be managed by agents recruited and selected by him.

3. At all pertinent times, the plaintiff and the defendant were engaged in interstate commerce.

4. During the period in controversy, the plaintiff's work was of such a nature

3. 29 C.F.R. §§ 541.1 and 541.2 provided (during the period in controversy: see Title 29—Labor, Code of Federal Regulations, revised as of January 1, 1963; 28 F.R. 7002, 9505; 23 F.R. 2256, 8962) as follows:

"§ 541.1 *Executive.*

"The term 'employee employed in a bona fide executive * * * capacity' in section 13(a) (1) of the act shall mean any employee:

"(a) Whose primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized department or subdivision thereof; and

"(b) Who customarily and regularly directs the work of two or more other employees therein; and

"(c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and

"(d) Who customarily and regularly exercises discretionary powers; and

"(e) Who does not devote more than 20 percent * * * of his hours of work in the workweek to activities which are not directly and closely related to the performance of the work described in paragraphs (a) through (d) of this section * * *; and

"(f) Who is compensated for his services on a salary basis at a rate of not less than $80 per week * * *."

"§ 541.2 *Administrative.*

"The term 'employee employed in a bona fide * * * administrative * * * capacity' in section 13(a) (1) of the act shall mean any employee:

"(a) Whose primary duty consists of the performance of office or nonmanual field work directly related to management policies or general business operations of his employer or his employer's customers; and

"(b) Who customarily and regularly exercises discretion and independent judgment; and

"(c) (1) Who regularly and directly assists a proprietor, or an employee employed in a bona fide executive or administrative capacity (as such terms are defined in the regulations in this subpart), or

"(2) Who performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge, or

"(3) Who executes under only general supervision special assignments and tasks; and

"(d) Who does not devote more than 20 percent * * * of his hours worked in the workweek to activities which are not directly and closely related to the performance of the work described in paragraphs (a) through (c) of this section; and

"(e) Who is compensated for his services on a salary or fee basis at a rate of not less than $95 per week * * *."

as to include all of the powers and duties described in ¶¶ (a) through (d) of 29 C.F.R. § 541.1 and/or ¶¶ (a) through (c) of 29 C.F.R. § 541.2, and those paragraphs are aptly descriptive of the work actually performed by him. I make this finding as to the applicability of 29 C.F. R. § 541.2(a) regardless of the legal effect of the pretrial conference stipulations entered into by the parties.

5. The defendant paid plaintiff in all workweeks in question a guaranteed salary of $114 per week, plus a commission based upon volume of business. Plaintiff's total income from this employment was $5,324.23, averaging approximately $166.38 per week during the 32-week period involved.

6. The defendant at all pertinent times was totally blind. He hired plaintiff to serve as his "right-hand man" in directing and supervising defendant's terminal operations. Plaintiff did so. Plaintiff also played a leading role in the solicitation and promotion of additional business from shippers and in the development of prospective new freight terminal facilities outside Pennsylvania and recruitment of agents to manage same.

7. Plaintiff did not devote more than 20 percent of his hours of work in any workweek to activities which were not directly and closely related to the performance of the work described in ¶¶ (a) through (d) of 29 C.F.R. § 541.1 and ¶¶ (a) through (c) of 29 C.F.R. § 541.2. The promotional work and solicitation of business performed by plaintiff, as well as his work in developing new terminal facilities to provide additional service to the carriers represented by the defendant and recruiting agents to manage same, were directly and closely related to the general business operations of his em-

ployer and to the other work described in the aforesaid regulations.

## DISCUSSION

■ At the pretrial conference, counsel stipulated "that the plaintiff was engaged in executive work or administrative work or both" (pretrial transcript, p. 2) and that the *sole* issues to be tried were (1) whether the plaintiff was paid a "salary" within the meaning of 29 C.F. R. § 541.1(f) and/or 29 C.F.R. § 541.2 (e); and, if so, then (2) whether the plaintiff devoted more than 20 percent of his hours of work in the workweek to activities which were not directly and closely related to the performance of the work described in ¶¶ (a) through (d) of 29 C.F.R. § 541.1 and/or ¶¶ (a) through (c) of 29 C.F.R. § 541.2. At the trial, plaintiff's counsel appeared to have misgivings about having stipulated (by necessary implication) that his client's primary duty consisted "of the performance of office or nonmanual field work directly related to management policies or general business operations of his employer or his employer's customers" (29 C.F.R. § 541.2(a)), arguing that the stipulation as to that fact might be interpreted as conflicting with plaintiff's contention that he devoted approximately 25 percent of his hours in every workweek to non-exempt activity. The concern of plaintiff's counsel in that respect was unjustified, in light of 29 C.F.R. §§ 541.103 and 541.206.[4] I hold: (a) that plaintiff is bound by his attorney's stipulation; and (b) that regardless of such stipulation, the evidence clearly reveals that 29 C.F.R. § 541.2(a) is aptly descriptive of plaintiff's work during the period in question, which I find to be the fact.

■ I am also satisfied that the defendant has discharged his burden [5] of

---

4. 29 C.F.R. § 541.103 (applicable to "executive" employees) provides, inter alia: "In the ordinary case it may be taken as a good rule of thumb that primary duty means the major part, or over 50 percent, of the employee's time." 29 C.F.R. § 541.206 (applicable to "administrative" employees) adopts this "rule of thumb" in determining whether an em-

ployee is employed in an administrative capacity.

5. Walling v. General Industries Co., 330 U.S. 545, 67 S.Ct. 883, 91 L.Ed. 1088 (1947); Wirtz v. C & P Shoe Corporation, 336 F.2d 21 (5th Cir. 1964); Rothman v. Publicker Industries, 201 F. 2d 618 (3d Cir. 1953); Richter v. Bar-

proving by a preponderance of the evidence that the plaintiff was compensated on a salary basis (29 C.F.R. §§ 541.118 (b) and 541.212) and that the plaintiff did not devote more than 20 percent of his hours in the workweek to activities not directly and closely related to the performance of work described in ¶¶ (a) through (d) of 29 C.F.R. § 541.1 and in ¶¶ (a) through (c) of 29 C.F.R. § 541.2.

Plaintiff was guaranteed a salary of $114 (gross) per week. During the period in question, it was only required that he be compensated on a salary basis of not less than $95 per week in order that both 29 C.F.R. § 541.1(f) and 29 C.F.R. § 541.2(e) have application.[6] This was the situation, as I view the evidence.

■ I am also convinced that the promotional activities, solicitation of new business, and effort devoted to development of new freight terminal facilities and recruiting of managerial personnel therefor was work directly and closely related to the performance of the executive and administrative work described in ¶¶ (a) through (d) of 29 C.F.R. § 541.1 and in ¶¶ (a) through (c) of 29 C.F.R. § 541.2. A close reading of 29 C.F.R. §§ 541.108, 541.201(a), 541.205, 541.208(e) and 541.208(f) reveals that those regulations lend substantial support to my conclusion.

## CONCLUSIONS OF LAW

1. The court has jurisdiction of this action pursuant to 28 U.S.C. § 1337 and to § 16(b) of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).

2. At all pertinent times, the plaintiff and the defendant were engaged in interstate commerce within the meaning of § 7 of the Fair Labor Standards Act, as amended, 29 U.S.C. § 207.

3. At all pertinent times, plaintiff was employed by the defendant in a bona fide executive capacity and in a bona fide administrative capacity within the mean-

ing of § 13(a)(1) of the Fair Labor Standards Act, as amended, 29 U.S.C. § 213(a)(1).

4. The plaintiff is not entitled to any relief.

---

rett, 173 F.2d 320 (3d Cir. 1949); Spring v. Washington Glass Company, 153 F.Supp. 312 (W.D.Pa.1957).

6. 29 C.F.R. § 541.600. See: Legg v. Rock Products Manufacturing Corporation, 309 F.2d 172 (10th Cir. 1962).