**Bobby Dean TODD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 8607.

United States Court of Appeals
Tenth Circuit.

June 15, 1966.

Rehearing Denied Aug. 18, 1966.

---

1. 28 U.S.C.A. Rule 52(a).

John M. Amick, Oklahoma City, Okl., for appellant.

John W. Raley, Jr., Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on the brief), for appellee.

Before MURRAH, PICKETT and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellant has appealed from an order denying him relief under his post conviction motion filed pursuant to 28 U.S. C. § 2255.

Todd was tried and convicted in the Western District of Oklahoma in 1964, under an indictment charging violations of the Federal narcotics statutes, on six counts. The conviction and sentence were appealed and this court affirmed.[1] In 1965, he filed a Section 2255 motion in the sentencing court contending that

---

1. Todd v. United States, 10 Cir., 345 F. 2d 299.

**532**

the government prosecutor knowingly used perjured testimony in procuring the conviction. Just prior to the evidentiary hearing on the motion, counsel for Todd urged additional grounds to support the same but does not urge those grounds here.

An evidentiary hearing was had, with the movant being represented by retained counsel. After hearing the evidence, the trial judge found that Todd failed to sustain his burden of proving the allegations of his motion and denied relief.

Appellant's counsel strongly urges that the finding of the trial court was clearly erroneous and that the evidence shows the knowing use of perjured testimony. The evidentiary hearing reveals that in the jury trial upon the indictment the government used a narcotics agent named Rose and an informer named Burton as its main witnesses. In support of this 2255 motion appellant produced Burton as his witness and Burton changed his previously sworn testimony in several material respects. But Burton's testimony in the hearing below was sharply contradicted by Agent Rose, whose testimony was consistent with that given by both witnesses at the original trial. This left the trial court to weigh the evidence and determine which part of the conflicting testimony he was able to believe. He apparently rejected Burton's testimony and believed Agent Rose.

This court must accept the findings of a trial court unless we can say they are "clearly erroneous"[2] and we reach that conclusion only after reviewing all of the evidence and are left with a definite and firm conviction that mistake has been committed.[3]

We have carefully reviewed all of the evidence in this case and agree with the trial court's findings. The order appealed from is therefore affirmed.

2. Rule 52(a), F.R.Civ.P.; Mid-Continent Casualty Company v. Everett, 10 Cir., 340 F.2d 65; Linn v. Ula Uranium, Inc., 10 Cir., 265 F.2d 916.

3. United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746; Downey v. Taylor, 10 Cir., 327 F. 2d 660.