TRIPLE "AAA" COMPANY, Inc., and D. G. Carpenter, Appellant,

v.

W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellee.

No. 9083.

United States Court of Appeals
Tenth Circuit.

June 5, 1967.

Rehearing Denied July 10, 1967.

John B. Ogden, Oklahoma City, Okl., for appellants.

Helen W. Judd, Atty., United States Department of Labor, Washington, D. C. (Charles Donahue, Sol. of Labor, Bessie Margolin, Associate Sol., Robert E. Nagle, Washington, D. C., Attorney, and Major J. Parmenter, Regional Attorney, on the brief), for appellee.

Before LEWIS, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

The Secretary of Labor, appellee herein, commenced this suit in the United States District Court pursuant to 29 U.S.C.A. § 217 to enjoin violations of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201–219, as amended.

The District Court found that the employer had violated the foregoing sec-

tions of the Act, as alleged by the Secretary, and the court therefore enjoined the employer from withholding overtime compensation in the total sum of $2,557.69 for four employees, to which they were entitled by virtue of the employer's past violations, and enjoined future violations of the Act by the employer. The employer has taken this appeal.

The Secretary in his complaint specifically alleged that the appellants, a corporation and its president, had since November 1962 violated 29 U.S.C.A. §§ 207(a) (1) and 211(c), which are sections of the Act relating to overtime compensation for employees and maintenance of employees' hourly work records by the employer. The appellants, who are referred to hereinafter as the employer, concede that business operations of the corporation subject it to the provisions of the Act.

Section 207(a) (1), supra, provides that an employee shall be compensated for all hours worked in excess of forty hours per week "at a rate not less than one and one-half times the regular rate at which he is employed." The four employees with whom we are here concerned testified during the trial regarding salary arrangements with the employer. Substantial undisputed evidence supports the trial court's findings that each of the four employees worked an average of forty-four hours per week during the time material to this action, and that each employee was paid the same salary for each semi-monthly pay period without additional compensation for any hours worked in excess of forty and without regard to the actual number of hours worked each week. The record establishes beyond question that each employee was hired by the month, that no agreement existed between the employer and employees relating to any hourly wage scale, and that the monthly salary was meant by the employer to compensate the employees for an average work week of forty-four hours.

■ Determination of correct overtime compensation under the Act depends upon the "regular rate" at which the employee is employed, reduced to an hourly figure. Crawford Production Co. v. Bearden, 272 F.2d 100 (10th Cir.). During the trial the employer introduced copies of information stubs which were attached to the employees' paychecks. These stubs categorize and attribute earnings to both "regular" earnings and "extra" earnings (overtime). The stubs, as records of earnings, are not conclusive, for it is clear from the employees' testimony that each of them received the same salary for each pay period whether they actually worked thirty-eight, forty, forty-four, or forty-six hours per week. Because the amount of each employee's paycheck was unaffected by the actual number of hours worked, the inescapable conclusion is that monthly salary determines only the "regular rate" and includes no provision for overtime. Thus the specified monthly salary was meant to compensate each employee for all hours worked each week, regardless of their number. See Overnight Motor Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682; Crawford Production Co. v. Bearden, supra; Mitchell v. Caldwell, 249 F.2d 10 (10th Cir.); Patsy Oil & Gas Co. v. Roberts, 132 F.2d 826 (10th Cir.).

■ Certain tables and charts, prepared for the trial, were offered by the employer to show the manner in which the amount of each employee's semi-monthly paycheck was broken down to include forty hours at a specified hourly rate and overtime compensation for hours in excess of forty. These charts and tables appear to be nothing more than after-the-fact computations. The testimony of the four employees reveals that the charts and tables do not reflect the realities of the situation in terms of an underlying agreement between employer and employees regarding any regular rate of compensation for the first forty hours worked in each week. We conclude that such an agreement relating to the regular rate is crucial when an employer pays a flat monthly salary for an average work week of more than

forty hours. Compare Overnight Motor Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682, with Walling v. A. H. Belo Corp., 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716; see Crawford Production Co. v. Bearden, 272 F.2d 100 (10th Cir.); McComb v. Sterling Ice & Cold Storage Co., 165 F.2d 265 (10th Cir.); Seneca Coal & Coke Co. v. Lofton, 136 F.2d 359 (10th Cir.); Patsy Oil & Gas Co. v. Roberts, supra; Nunn's Battery & Electric Co. v. Goldberg, 298 F.2d 516 (5th Cir.).

■ For purposes of computing overtime compensation to be recovered by the four employees, and to compute the statutory "regular rate" of compensation, the trial court found, and the employer agreed, that each employee had worked at least an average of forty-four hours per week. The trial court computed the overtime compensation by taking the monthly salary times twelve months and then dividing by fifty-two weeks. This figure represents the weekly compensation. The weekly compensation was then divided by forty-four hours, the number of hours the weekly salary was meant to compensate. The resulting figure is the hourly "regular rate" for forty-four hours. Because the employees had already received the "regular rate" for the four overtime hours, as computed above, the trial court added one-half the regular rate to the four overtime hours for each week. We find no error in the trial court's method of computing overtime compensation to be recovered from the employer. See the Overnight Motor, Crawford Production, Seneca Coal, and Patsy Oil & Gas cases, supra. On appeal the employer has relied on Walling v. A. H. Belo Corp., 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716, as authority for his argument that the employees' semi-monthly paychecks included forty hours at the regular rate and compensation for overtime at the statutory rate. The facts in the Belo case are wholly dissimilar from the facts in the case at bar.

■■ The employer's brief on appeal contains the contention that "some of the employees, being officers of the company and stockholders, are not covered by the Act." Beyond this bare assertion, the employer's brief contains no further reference to the various exemptions permitted by 29 U.S.C.A. § 213, nor to the evidence that might support an exemption, nor to cases that might support his contention. It appears that the exemption argument has been abandoned on appeal. An argument that an employee is exempted from coverage of the Act is in the nature of an affirmative defense, and it is the employer's burden to establish the exemption clearly. Legg v. Rock Products Mfg. Co., 309 F.2d 172 (10th Cir.); Joseph v. Ray, 139 F.2d 409 (10th Cir.). We are satisfied from the record that the evidence fails to establish for any employee an exemption under § 213 or the Secretary's regulations in 29 C.F.R. § 541.1.

■ The trial court's injunction restrains the employer from withholding overtime compensation to which its employees are entitled by virtue of violations of the Act occurring before the trial, and restrains future violations of the overtime and record keeping sections of the Act. It appears that the Department of Labor first warned the employer of alleged noncompliance with the Act in 1958, and that a subsequent investigation in 1964 disclosed conditions which resulted in the instant action. The trial court has broad discretion to fashion its decree according to the circumstances of each case. Buckley v. Wirtz, 326 F.2d 838 (10th Cir.), and cases cited therein. In Mitchell v. Hertzke, 234 F.2d 183 (10th Cir.), this court held that an injunction restraining future violations of the Act is not punishment for past violations, but to prevent future violations in the public interest. Because the employer's business operations are of a continuing nature, and considering the history of the employer's relations with the Department of Labor, we conclude that the injunction reveals no abuse of the trial court's discretion. The employer's brief on appeal expresses a willingness to comply with the provisions

of the Act in the future, and the injunction does nothing more than require compliance with the law for the public benefit. See Wirtz v. B. B. Saxon Co., 365 F.2d 457 (5th Cir.).

Affirmed.