**Ephraim Mayer NEWMARK**

**v.**

**TRIANGLE ALUMINUM INDUSTRIES, INC.**

**Civ. A. No. 10803.**

United States District Court
N. D. Georgia,
Atlanta Division.

Aug. 28, 1967.

J. Timothy White, Lipshutz, Macey, Zusmann & Sikes, Atlanta, Ga., for plaintiff.

H. Fred Gober, Arnall, Golden & Gregory, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

This plaintiff has brought an action to recover allegedly unpaid overtime compensation, pursuant to Section 16 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216. Defendant has moved for partial summary judgment on the question of damages. The plaintiff was employed at the rate of $433.00 per month. He claims to have worked 73 hours per week for approximately two and a half months and computes his unpaid compensation for overtime at $1,-644.75. Plaintiff's method of arriving at this figure is not revealed in his petition.

However, by the method which defendant seeks to have ruled proper in his motion, plaintiff's claim on his overtime would be reduced to $282.62, or less than one-fifth of what plaintiff is seeking. The provision of the Act which calls for an equal additional amount as liquidated damages, of course, multiplies the impact of such a difference in method.

The defendant claims that the proper method is to divide the monthly wage by the total hours actually worked to arrive at the "regular rate" of compensation. Therefore, he divides $433.00 by 292 hours and arrives at a regular rate of $1.48. (We may pass over the obvious error in assuming a month is equivalent to four weeks, as the $1.48 rate is not essential to this ruling.) Half of this rate, $.74, for the hours over 40, or 33, would equal $24.42 per week. This, multiplied by eleven weeks of work, produced the total of $282.62.

In support of this approach, defendant cites Overnight Motor Transportation Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942), and Warren-Bradshaw Drilling Co. v. Hall, 124 F.2d 42, 44 (5th Cir. 1941). He also quotes 29 C.F.R. § 778.109 as saying, "The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment * * * in any workweek by the total number of hours actually worked by him in that workweek *for which such compensation was paid.*" (Emphasis by the court.)

However, defendant has overlooked 29 C.F.R. § 778.113, on the next page, which in describing the method for computing the "regular rate" for salaried employees, reiterates that the "regular hourly rate

\* \* \* is computed by dividing the salary by the number of hours *which the salary is intended to compensate.*" (Emphasis by the court.)

 It is obvious that the phrase "hours actually worked", the divisor sought by defendant, is not synonymous with "hours for which the agreed upon salary is intended to be compensation." If the agreed upon hours are less than those actually worked, the divisor would be smaller and the resulting "agreed rate per hour" would be correspondingly larger. What the agreed upon hours were can only be established by proper evidence. If it develops, that the plaintiff did agree to work forty hours a week, as admitted in paragraph 3 of defendant's original answer, and as alleged in the affidavit of Emmanuel Gladstone submitted by the plaintiff, then forty is the proper divisor for the purpose of establishing the regular rate of pay. Patsy Oil & Gas Co. v. Roberts, 132 F. 2d 826 (10th Cir. 1943). If it should develop that, contrary to these assertions, the plaintiff agreed to work whatever hours were required, then the method submitted by defendant is still not proper. In that case the "regular rate" is computed separately for each individual week by dividing the salary by the hours actually worked in that week, and the overtime is calculated for that week on that rate. This is the true rule of Overnight Motor Transportation Co. v. Missel, 316 U.S. 572, at 580, 62 S.Ct. 1216, 86 L.Ed. 1682. Walling v. Youngerman-Reynolds Hardwood Co., 325 U.S. 419, 65 S.Ct. 1242, 89 L.Ed. 1705.

On the other hand, if the contract was for a definite number of hours, other than forty, then the divisor for calculating the hourly rate is the hours set by the contract, so long as the resultant hourly wage does not fall below the statutory minimum. It it does fall below the minimum, then the statutory minimum wage is the "regular rate". Patsy Oil & Gas Co. v. Roberts, supra. See generally, Anno. 89 L.Ed. 35, 57–60.

Since the method to be used in determining the "regular rate" is de-pendent upon final findings of fact at the trial, and inasmuch as the facts as alleged at the present time are contrary to the assumptions in defendant's motion, the motion for partial summary judgment as to damages is denied.