

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

December 9, 1974

*L8 870*

The Honorable Joe Allen, Chairman
Committee on House Administration
House of Representatives
Austin, Texas

The Honorable Jess M. Irwin, Jr.
Commissioner for Rehabilitation
Texas Rehabilitation Commission
1600 West 38th Street
Austin, Texas 78731

The Honorable Jackie St. Clair
Commissioner, Texas Department
of Labor and Standards
Box 12157, Capitol Station
Austin, Texas 78711

Opinion No. H- 465

Re: Method of computing an
hourly rate of payment of
state employees under the
Fair Labor Standards Act

Gentlemen:

You have requested our opinion concerning the method of computation
of hourly rates of payment of overtime and other purposes.

Since the 1974 amendments of the Fair Labor Standards Act, 29 U.S.C.
sections 201-219 (FLSA) extended the coverage of the Act to most state
employees, [Attorney General Opinion H-382 (1974)], you have asked
whether the methods of computation established by Attorney General
Opinion M-850 (1971) are correct.

Attorney General Opinion M-850 (1971) established the following methods
for computing wages:

    1) The monthly salary is determined by dividing the
annual salary by twelve.

2) The pay for any period less than one month is determined by multiplying the daily rate (the monthly rate divided by the number of calendar days in the month) by the number of days employed (including weekends).

3) The hourly rate is determined by dividing the daily rate by the "number of hours of the normal work day for the particular employment, but not less than eight hours."

The result of such method is to compute hourly rates on the basis of a 7 day, 56 hour work week.

The effect of such a policy is to arrive at an hourly rate of $2.08 for an employee receiving $500 per month, while his hourly rate if determined on a five-day, 40 hour basis would be $2.89.

It is our opinion that the method set out in Attorney General Opinion M-850 (1971) is contrary to the method required by the FLSA for the computation of the regular rate of pay for overtime purposes. It is well established that the proper method for the computation of hourly wages from monthly salaries for overtime purposes is to multiply the monthly salary by twelve to obtain the yearly rate, divide the yearly rate by 52 to obtain the weekly rate, and divide the weekly rate by the number of contracted hours of employment per week, usually forty, to obtain the hourly rate. Bay Ridge Operating Co., Inc. v. Aaron, 334 U.S. 446, 464 (1948); Triple "AAA" Company, Inc., v. Wirtz, 378 F.2d 884 (10th Cir. 1967), cert. denied 389 U.S. 959 (1967); Patsy Oil & Gas Co., v. Roberts, 132 F.2d 826 (10th Cir. 1943); Seneca Coal & Coke Co. v. Loftin, 136 F.2d 359 (10th Cir. 1943), cert. denied, 320 U.S. 772 (1943); 29 C.F.R. § 778.113(1973).

As previously noted, most state employees are now within the coverage of the FLSA. Beginning on the date that the FLSA became effective as to a particular employee his hourly rate must be determined on the basis established by the federal cases, at least for overtime purposes. Attorney General Opinion M-850 is therefore overruled to the extent that it provides a method for computation of hourly wages which conflicts with the requirements of the FLSA.

Page 3    (H-465)

Representative Allen also asks whether the method of computation established in Attorney General Opinion M-850 (1971) is proper for computations other than overtime.

In this regard Commissioner St. Clair has given us examples of persons hired for part-time assignments as inspectors who are paid on an hourly basis. Since the Comptroller computes the hourly rate of pay pursuant to the method discussed in Attorney General Opinion M-850, these persons' hourly rates are computed on the basis of a 56 hour week rather than a 40 hour week. The M-850 calculation varies with the length of the month, but produces an hourly wage rate which is approximately 72 per cent of the rate resulting from a determination under the FLSA or other 40 hour per week formula. For an employee working at or close to the minimum wage, this formula could result in a calculation which would be below such minimum.

The Legislature has clearly indicated that the normal work week is 40 hours per week. V.T.C.S. art. 5165a; General Appropriations Bill, Acts 1973, 63rd Leg., ch. 659, art. 5, sec. 16(b), p. 1786, at 2199. In light of the Legislature's adoption of a 40 hour week as the normal work week, we do not believe it intended hourly employees to be paid on a basis which substantially and artificially reduces their rate of pay. In such a case the use of the formula advanced in Attorney General Opinion M-850 is unreasonable, inappropriate and contrary to the intent of the Legislature and should not be used.

Although the use of the methods of determining salary rates established by M-850 are often unreasonable, we cannot say that they are invalid in every instance. As an example: a similar procedure is required by statute for computing the compensation of special judges. V.T.C.S. art. 6821; Markwell v. Galveston County, 186 S.W.2d 273 (Tex. Civ. App. --Galveston 1945, writ ref'd.); Attorney General Opinion O-6616 (1945). It may be that administrative agencies will be benefited by a uniform policy of determination of compensation rates to conform to the procedures required by the FLSA. Certainly in those cases where statutes do not require otherwise, we believe the Comptroller would be able to use the FLSA formula for all purposes. He must use that formula when computing entitlements under the FLSA.

Commissioner Irwin additionally asks whether employees who work on a holiday are entitled to be reimbursed at straight time or time and a half for that work. The premium pay provisions of the FLSA apply only for work in excess of 40 hours per week and do not require premium pay for work done on holidays. Of course, the Appropriations Act provides that any state employee who is required to work on a holiday is entitled to take compensating time off at a time mutually agreed to by the employer and the employee. Acts. 1973, 63rd Leg., ch. 659, p. 1786, at p. 2199.

## SUMMARY

For purposes of overtime pay state employees covered by the Fair Labor Standards Act must have their hourly rate of pay computed by dividing the yearly salary be 52 and then dividing the result by the number of hours worked per week, which will usually be 40. The same or similar formula should be used for determining hourly rates, and may be used for other purposes unless a statute requires otherwise. See, e.g., V.T.C.S. art. 6821.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee