W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,

v.

George TURNER, Defendant-Appellee.

No. 14311.

United States Court of Appeals Seventh Circuit.

April 7, 1964.

Before DUFFY, CASTLE and SWYGERT, Circuit Judges.

DUFFY, Circuit Judge.

This suit was brought by the Secretary of Labor under Section 16(c) of the Fair Labor Standards Act,[1] pursuant to the written request of Martin Halma, a former employee of defendant. The suit sought to recover $488.20 in unpaid overtime compensation.

At the close of plaintiff's case, the District Court granted the motion of the defendant for a directed verdict. In explanation of such action, the Court said: "In the light of that record, with the beneficial plaintiff saying on one occasion that everything was square and then two months later making a claim, and then at the trial saying he doesn't know how much is owing, I feel that you would be unable to go into the jury room and arrive at any amount. * * *"

Previously the Court had asked Mr. Halma several questions:

"The Court: How much money do you say now that Mr. Turner owes you?

"The Witness: What the letter said, your Honor.

"The Court: I say—read the question to the witness.

"(Question read by the reporter.)

"The Witness: I do not know.

"The Court: You don't know how much money you have coming. That is all. You may step down."

Defendant is a contract mail carrier for the United States Postoffice Department. During the period covered by this action, April 1, 1960 to July 15, 1961, he employed complainant Halma principally on a regularly scheduled route between McHenry, Illinois and Chicago. At first, Halma was paid a straight weekly salary. Statutory overtime wages were not paid to him for hours worked in excess of forty hours a week until after the period covered by this action.

Charles Donahue, Sol., U. S. Dept. of Labor, Washington, D. C., Herman Grant, Regional Atty., U. S. Dept. of Labor, Chicago, Ill., Bessie Margolin, Associate Sol., Robert E. Nagle, Jack H. Weiner, Attys., U. S. Dept. of Labor, Washington, D. C., for appellant.

Burl F. Nader, Libertyville, Ill., for appellee.

1. Fair Labor Standards Act, 29 U.S.C. §§ 201, 207, 216(c).

The evidence presented by the Secretary to establish the number of hours work done by claimant showed that during the period April 1, 1960 to October 28, 1960, the schedule for the Chicago-McHenry route called for departure from the McHenry postoffice at 6:40 p. m. and arrival at Chicago Suburban Truck Terminal at 9:30 p. m., with intermediate stops being made on the way. This was followed by a return trip leaving Chicago at 2 a. m. and arriving at McHenry at 5 a. m. This schedule was followed daily except Sundays and some holidays.

In following this schedule, claimant testified he would begin his work day with arrival at 5:30 p. m. at a DX Service Station where defendant's tractor and trailer were kept. After gassing and oiling the tractor, he would drive approximately one and a half miles to McHenry postoffice where he loaded the mail that was to be loaded on the truck. Claimant's scheduled departure time was 6:40 p. m. After arriving in Chicago, he would await his turn in line and unload the tractor and would then spot the vehicle in back of the postoffice loading dock. He would complete this about 10:05 p. m. He then started to work again at the scheduled time of 2 a. m. the following morning. After arrival at McHenry and unloading the mail, he returned the vehicle to the DX station, usually arriving there about 6 a. m.

There was additional testimony about extra hours worked due to breakdowns of the truck and other delays such as that caused by a dead battery. There was further testimony of hours worked in the period October 29, 1960 to February 9, 1961 where there were extra mail runs and some twenty-one extra trips were confirmed by postoffice memoranda as occurring during the 1960 Christmas holiday season. Other testimony covered the period from February 10, 1961 to July 15, 1961.

In an attempt to demonstrate the method for computing the wages due on the basis of overtime hours worked, the Secretary called as a witness one Max Packer who, for twenty-four years, had been a wage-hour investigator under the Fair Labor Standards Act and who had conducted some two thousand investigations including the investigation of defendant's compensation practices. However, upon objection by defendant, the Court would not permit Mr. Packer to testify as to the computations he had made of wages due the claimant, nor was he allowed to explain to the jury how such computations may be made.

██ In the situation before us, we consider the evidence most favorable to the plaintiff. Sufficient evidence was received so that this case should have been submitted to the jury for its verdict. The claimant's testimony, supported by other evidence, indicated that he had regularly worked 52 to 53½ hours per week; 50 to 52 hours per week; and 48 to 50 hours per week during the three periods covered by this suit.

█ Undoubtedly there was some uncertainty as to the exact amount of damages, but it is well established that a plaintiff under the Fair Labor Standards Act may recover even if the exact amount due is not capable of mathematical ascertainment.

Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 was a case where the Supreme Court considered the proper determination of working time for the purposes of the Fair Labor Standards Act. The Court there said 328 U.S. at page 688, 66 S.Ct. at page 1192, 90 L.Ed. 1515: "The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of § 11(c) of the Act." The Court further stated: "Nor is such a result to be condemned by the rule that precludes the recovery of uncertain and speculative damages. * * The uncertainty lies only in the amount of damages arising from the statutory violation by the employer. * * * It is enough under these circumstances if there is a basis for a reasonable inference as to the extent of the damages. (Citing cases.)"

14

The District Court emphasized that claimant had acquiesced in the wages paid to him. However, this is in no manner controlling. It is well settled that statutory wages cannot be waived by agreement. Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296; Fleming v. Warshawsky & Co., 7 Cir., 123 F.2d 622.

The District Court, time and time again, sustained objections where Packer, the expert witness, was asked as to certain computations. One instance was: "Q. Can you explain to us how a computation for overtime is made when a person is paid $1.50 per hour? Mr. Nader: I am going to object. The Court: Sustain the objection. We are not conducting a class in labor law here or in labor investigation. We are trying to determine how much money, if any, the beneficial plaintiff has coming here."

We see no objection to the question as asked. A jury cannot keep in mind all of the figures that might enter into a determination as to whether overtime payments were due. Computations and summaries based upon evidence before the Court, in many instances, would be very helpful to a jury.

An expert may testify to computations based on facts which are in evidence as an aid to the jury's determination. In United States v. Johnson, 319 U.S. 503, 519, 63 S.Ct. 1233, 87 L.Ed. 1546, an expert accountant was permitted to testify to calculations of income and expenditures.

As examples of types of cases where expert testimony as to computations have been received are: United States v. Daisart Sportswear, 2 Cir., 169 F.2d 856, 863 (misusing priorities under § 301 of the Second War Powers Act and conspiring to violate the Emergency Price Control Act of 1942); Beaty v. United States, 4 Cir., 203 F.2d 652, 655 (income taxes owing as disclosed by testimony); Gendelman v. United States, 9 Cir., 191 F.2d 993, 996–997 (increase in net worth in an income tax fraud case). In a case before this Court, the computations of an accountant were held admissible before a Special Master (in an action for an accounting of special assessments), First Nat. Bank and Trust Co. of Racine v. Village of Skokie, 7 Cir., 190 F.2d 791, 796.

The District Court was in error in directing judgment for the defendant. The jury should have been permitted to determine whether and to what extent claimant worked in excess of forty hours a week during the relevant periods. Then, as the Supreme Court said in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, at page 688, 66 S.Ct. 1187, at page 1193, 90 L.Ed. 1515: "It is enough under these circumstances if there is a basis for reasonable inference as to the extent of the damages."

Reversed and remanded for a new trial.