**John T. BLANKENSHIP, Gerald Wayne Hodges and Virgil Olen McDonald, Plaintiffs,**

**v.**

**THURSTON MOTOR LINES, Defendant.**

**Civ. A. No. 67–C–83–R.**

United States District Court
W. D. Virginia,
Roanoke Division.

Dec. 24, 1968.

John C. Towler, Roanoke, Va., for plaintiffs.

James M. Young, Dodson, Pence, Coulter, Viar & Young, Roanoke, Va., and J. W. Alexander, Jr., Blakeney, Alexander & Machen, Charlotte, N. C., counsel for defendant.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This action arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. Plaintiffs allege that they were employed by the defendant during various periods from the workweek ending October 18, 1965, through the workweek ending August 12, 1967.

Plaintiff Blankenship alleges that he was first employed as an hourly rated employee employed in the warehouse terminal at Roanoke, Virginia, and that through the week ending March 12, 1966, he was compensated for all of his hours of work at a rate of $2.30. With the workweek ending March 19, 1966, he was converted to a weekly salary of $115.00 and no record kept of his hours of work. After three (3) weeks his weekly salary was increased to $120.00, which rate continued through the remainder of his employment ending with the workweek ending August 12, 1967. He alleges that he was not compensated properly both with respect to minimum wages specified in Section 206 of the Act and overtime wages specified in Section 207, of the Act.

Plaintiffs Hodges and McDonald allege that they were employed as casual warehouse labor in the Roanoke terminal and were paid straight hourly rates of $2.00 each without additional overtime compensation as required by Section 207, facts which are not in dispute as evidenced by the records of the defendant.

The defendant contends that he is entitled to an overtime exemption for the employment of each of the plaintiffs as expressed in Section 213(b) (1) and further that he acted in good faith and on the advice of counsel.

Jurisdiction in this matter is conferred on the Court by Section 217 of the Act and is not disputed.

The defendant is regularly engaged in the operation of a motor freight line transporting goods in interstate commerce thus coverage under the law is clear for the employees of the defendant.

The matters, by agreement, have been tried to the court without a jury; therefore, the Court hereby makes the following findings of fact and conclusions of law:

(1) The defendant is entitled to an overtime exemption with respect to the employment of Plaintiff Blankenship as he was charged not only with the physical acts of loading vehicles safely within the scope of the exemption granted by Section 213(b) (1) but with the

responsibility for such safe loading as performed by casual laborers. This exemption, however, does not relieve the defendant of the necessity for maintaining records of hours worked by the plaintiff.

(2) At the time Plaintiff Blankenship was changed from an hourly rate to a weekly salary, the conversion was made on the basis of 50 hours per week being required of the plaintiff. The Court notes that the plaintiff was working an average of 60 hours per week prior to being changed to a salary basis. There are no records available showing the number of hours worked after being changed to a weekly salary, but where it appears that the plaintiff has performed some work for which he has not been properly paid, the Court cannot deny recovery merely because the amount due is not capable of mathematical ascertainment, Wirtz v. Turner, 7 Cir., 330 F.2d 11. In such an instance, the award must be made based upon estimates, opinion and reasonable inferences to be drawn from the evidence available. It thus appears that the plaintiff has not been compensated in any amount for an average of 10 hours per week in his employment from the date of conversion to a salary basis beginning with the week ending March 19, 1966,—it being the finding of this Court that the plaintiff continued working an average of 60 hours a week yet was only paid for 50 hours.

The employer cannot be heard to complain that the claim lacks exactness of measurement when the lack of exactness is due in whole or in part to his own failure to keep the records that would have made exactness of measurement possible. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515.

It is found, therefore, that the employee was underpaid in the amount of $12.50 per week for 46 weeks when the minimum wage was $1.25 per hour and $14.00 per week for 28 weeks when the minimum wage rose to $1.40 per hour. The plaintiff is thus entitled to recover a total amount of $967.00. This award is considered to be fair and reasonable to all parties concerned, and it is adjudged and ordered that Plaintiff Blankenship recover of defendant the sum of Nine-Hundred and Sixty-Seven ($967.00) Dollars.

Turning to Plaintiffs Gerald Wayne Hodges and Virgil Olen McDonald, who were school boys employed as "casual" labor, it cannot be said that the overtime exemption granted by Section 213(b) (1) is applicable to their employment since Plaintiff Blankenship was clearly charged with the responsibility of safe loading of the vehicles transporting goods in interstate commerce and rendered close supervision to Plaintiffs Hodges and McDonald.

Since records are available for each of these employees indicating their hours worked, it is found that Plaintiff Hodges is due a total of $124.00 in overtime compensation and Plaintiff McDonald is due a total of $74.67, and it is so ADJUDGED and ORDERED. These employees were paid an hourly rate of $2.00 per hour for all hours worked; therefore, the computation of their overtime is based on the number of hours worked in excess of 40 in a workweek multiplied by $1.00 per hour.

While the plaintiffs have sued for liquidated damages in addition to unpaid wages, and while the Act does provide for such damages, 29 U.S.C.A. § 216(b), nevertheless, whether or not such liquidated damages should be awarded lies within the sound discretion of the Court. Brown v. Dunbar and Sullivan Dredging Co., 2 Cir., 189 F.2d 871. Since the defendant has shown that he has acted affirmatively on advice of counsel and relying on practices in the industry, it is the holding of this Court that, upon consideration of all the circumstances, liquidated damages should not be awarded, and it is adjudged and ordered.

With regard to plaintiffs' claim for reasonable attorney fees, the

law is different. The section respecting award of attorney fees to the employees' attorney has been held to be mandatory and unconditional. Wright v. Carrigg, 4 Cir., 275 F.2d 448. Upon consideration of plaintiffs' claim for attorney fees, the Court doth allow as reasonable attorney fees the sum of Five-Hundred ($500.00) Dollars, and the Court doth further direct that defendant pay the costs of this proceeding, and it is adjudged and ordered.