**James D. HODGSON, Secretary of Labor, Plaintiff-Appellee,**

**v.**

**ELM HILL MEATS OF KENTUCKY, INC., Defendant-Appellant.**

**No. 71-2031.**

United States Court of Appeals, Sixth Circuit.

July 6, 1972.

* The Honorable Harry Pregerson, United States District Judge for the Central District of California, sitting by designation.

Charles H. White, Nashville, Tenn., for appellant; David T. Enlow, Kincaid, Wilson, Schaeffer, Trimble & Hembree, Lexington, Ky., Cornelius, Collins, Higgins & White, Nashville, Tenn., on brief.

William H. Horkan, Washington, D. C., for appellee; Richard F. Schubert, Carin Ann Clauss, Donald S. Shire, Ronald S. Cooper, United States Dept. of Labor, Washington, D. C., on brief.

Before McCREE and MILLER, Circuit Judges, and ENGEL, District Judge.[*]

PER CURIAM.

Elm Hill Meats of Kentucky, Inc. appeals from a judgment of the District Court enjoining and restraining it from violating the provisions of section 29 U. S.C. §§ 201 et seq., 15(a) (1) and 15(a) (2) of the Fair Labor Standards Act of 1938 as amended, and ordering it to cease withholding payment of minimum wages and overtime compensation found by the court to be due under the Act to twenty-four of its employees in the amounts listed therein. Elm Hill also appeals from the District Judge's denial of its subsequent motion for a new trial.

█ Defendant's principal claim of error goes to the adequacy of the record to support the District Judge's finding of fact that the employees involved worked an average of sixty hours per week and to the computation of the amount of wages due them individually.

A careful review of the entire record satisfies us that the trial judge's findings of fact are supported by substantial evidence and are not clearly erroneous, Federal Rules of Civil Procedure, rule 52.

To the carefully considered opinion of District Judge Mac Swinford, Hodgson v. Elm Hill Meats, 327 F.Supp. 1009, we find it necessary to add only one clarification. In his opinion, Judge Swinford observed that, "However, where there is an absence of adequate records, the government may show by reasonable and just inferences that certain employees have worked overtime hours for which they have not been properly compensated." Hodgson v. Elm Hill Meats, *supra*, at p. 1016.

We believe it would be a more complete statement of the law to say that "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference," Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515.

█ Issue is made by appellant that several of the employees did not testify at the trial and that therefore the initial burden of proof upon them was not met, as required by Anderson v. Mt. Clemens Pottery Co., *supra*. However, this ignores the admissions made by appellant

---

[*] Hon. Albert J. Engel, District Judge for the Western District of Michigan, sitting by designation.

in its answers to interrogatories that the salaries were based upon a 55-hour work week. This was sufficient to meet the burden of proving performance of overtime work itself and thereafter it was competent for the court to determine, from the evidence before it, the actual amount of overtime and whether the agreed fixed weekly salary did in fact include a proper rate of overtime pay. This the court did, adversely to the appellant.

For the above reasons and for the reasons set forth in Judge Swinford's opinion, the judgment of the District Court is affirmed.