**James D. HODGSON, Secretary of Labor, United States Department of Labor, Appellant,**

**v.**

**AMERICAN CONCRÉTE CONSTRUC-TION CO., INC., a corporation, and Antonino Motta, Appellees.**

**No. 72–1577.**

United States Court of Appeals, Sixth Circuit.

Jan. 17, 1973.

Aaron A. Caghan, Regional Atty., U. S. Dept. of Labor, Cleveland, Ohio, John K. Light, U. S. Dept. of Labor, Washington, D. C., for appellant; Richard F. Schubert, Sol. of Labor, Carin Ann Clauss, Associate Sol., Donald S. Shire, U. S. Dept. of Labor, Washington, D. C., on brief.

Bernard S. Goldfarb of Goldfarb & Reznick, Cleveland, Ohio, for appellee American Concrete Construction Co., Inc.

Charles S. Tricarichi, Cleveland, Ohio, for appellee Antonino Motta.

Before EDWARDS and CELEBREZZE, Circuit Judges, and HASTIE*, Senior Circuit Judge.

HASTIE, Senior Circuit Judge.

In this civil suit the Secretary of Labor seeks to enjoin a corporate construction contractor and its president from violating sections 7(a)(1), 7(a)(2) and 15(a)(2) of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 207, 215, by employing workers for work weeks longer than 40 hours without paying at least time and a half for hours worked in excess of 40 and to require payment of earned but withheld overtime compen-

---

* The Honorable William H. Hastie, Senior Circuit Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

sation to particular employees. The Secretary also charges the defendants with failure to make and preserve proper time and pay records.

At the conclusion to the plaintiff's case, the court granted a defense motion to dismiss the complaint except insofar as it charged the maintenance of inadequate records. It then received the defendants' evidence on record keeping, found time and pay records inadequate and ordered future maintenance of such records as required by law. The present appeal by the Secretary challenges the dismissal of so much of his complaint as concerns alleged failure to pay employees required extra compensation for overtime work.

Facts established by stipulation or by the defendants' answers to interrogatories show the setting of the controversy. The period covered by this dispute extended from February, 1968 to March, 1969. Throughout that time defendant American Concrete and Construction Co. was engaged in constructing and rebuilding dwellings and other structures, and defendant Motta was the president of the corporation. Some 22 employees are identified by name and periods of their employment during the time in question.

It is admitted by answer to an interrogatory that "Nino Paglia, the supervisor on the job site, was charged with keeping the records of all hours worked by the men and called them in to Mrs. Sarah Meltzer, the payroll clerk . . . Nino Paglio was charged with keeping a daily record for hours worked and then at the end of the week he would call them in to Mrs. Meltzer who would record them in her payroll book." Testifying as witnesses called by the plaintiff, Paglia and Mrs. Meltzer explicitly stated that, in accordance with company practice and president Motta's instructions, only the total number of hours worked by each employee during each week were called in by Paglia at the end of the week and recorded by Mrs. Meltzer. Paglia testified that he made daily records of each employee's hours on slips

of paper, but he often discarded these after he had reported the weekly totals of each employee. He did surrender such of these daily records as he could find to the compliance officer who investigated this case for the Department of Labor.

Under a union contract in effect during the period in question the employer was obligated to pay its hourly employees double time for all overtime work. Paglia testified that Motta instructed him to report for each employee the full number of hours worked during a week up to 40 hours, but to report only half of any hours worked in excess of 40. Mrs. Meltzer testified that the company pay records for each employee show or reflect the total number of hours reported by Paglia. Thus, if Paglia's testimony is believed—and the court gave no indication that it discredited his testimony— there was a deliberate withholding of at least half of the overtime pay earned by each employee. And the amount of withholding pursuant to this particular scheme is determinable by doubling the overtime hours shown by or calculable from the employer's pay records.

Paglia's testimony was corroborated by several employees who testified that on occasion they observed that they were receiving only "straight time" for all of the hours worked, both regular time and overtime.

In addition several employees testified that in practice they were required to report to the employer's garage as early as 7 A.M. in order to load trucks and travel to the construction site, arriving by 8 A.M. Yet, work time was calculated as beginning at 8 A.M. There also was testimony that employees frequently were required to work through the lunch hour, particularly when they were engaged in pouring concrete. There also was imprecise testimony of frequent Saturday work.

In sum, there was abundant testimony of substantial overtime work and deliberate withholding of at least half of the earned overtime pay. And part of

this withholding could be simply and precisely calculated from the employer's own records. This was sufficient proof to withstand a motion to dismiss. Anderson v. Mt. Clemens Pottery Co., 1946, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515. Of course we cannot know how the case will appear, both as to the credibility of witnesses and as to proof of various items of alleged overtime after the defendants have introduced whatever relevant evidence they may tender.

Since the case must be retried, we also consider a ruling of the court excluding certain documents which seem to have been a federal compliance officer's computation of overtime pay earned by and withheld from each of several employees. In this connection, it is noteworthy that this case was tried to the court without a jury. Thus there was not even a risk that lay triers of fact might give undue weight to this computation.

The tendered documents are not in the record that is before us. However, it is apparent from the cross-examination of the compliance officer that his computations of such matters as time worked before 8 A.M. and during the normal lunch hours were imprecise estimates. Indeed, they could not have been more than that if the testimony that the employer deliberately failed to record such work time is credited. On the other hand, many of the officer's computations of overtime apparently were based upon the employer's work and pay records and supervisor Paglia's daily and weekly determination of each employee's work time.

 Although it is for the trial judge to determine from all he hears and sees the weight to be accorded the compliance officer's computations, they are relevant and competent evidence and should be admitted and considered on retrial of this case. *Cf.* Hodgson v. Elm Hill Meats of Kentucky, 6th Cir., 1972, 463 F.2d 1186, aff'g. E.D.Ky.1971, 327 F.Supp. 1009; Hodgson v. Humphries, 10th Cir. 1972, 454 F.2d 1279; Wirtz v. Turner, 7th Cir. 1964, 330 F.2d 11. Moreover, the district court must be guided by the teaching of the Supreme

Court that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . [t]he solution . . . is not to penalize the employee by denying him any recovery . . . In such a situation . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." The Court added that if the employer then failed "to negative the reasonableness of the inference to be drawn from the employee's evidence . . . the court may then award damages to the employee, even though the result be only approximate". Anderson v. Mt. Clemens Pottery Co., *supra*; 328 U.S. at 687–688, 66 S.Ct. at 1192.

The judgment is vacated and the cause remanded for further proceedings consistent with this opinion.