Rodney **WHEELER, et al., Plaintiffs,**

v.

The **UNITED STATES, Defendant.**

No. 528–82C.

United States Claims Court.

Oct. 27, 1983.

S. Timothy Buynak, Jr., Santa Barbara, Cal., for plaintiffs.

Robert A. Reutershan, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

## ORDER

TIDWELL, Judge.

Plaintiff, on April 21, 1983 filed a motion with this court to retransfer this action to the United States District Court for the Central District of California for further proceedings. Defendant opposes plaintiffs' motion. Oral argument was heard before this court on July 7, 1983. For the reasons set forth below, plaintiffs' motion is denied. This court retains jurisdiction in this action and directs the parties to proceed according to the court's Order Governing Proceedings Before Trial issued this date.

FACTS

Plaintiffs are federally employed civilian firefighters based at various military installations throughout the United States and its protectorate territories, and currently number in excess of 1,400. They are paid for their employment on the basis of the federal General Schedule (GS) authorized by 5 U.S.C. 5101 *et seq.* (1978). Plaintiffs bring this lawsuit pursuant to 29 U.S.C. 216(b) (1977), alleging that defendant erroneously computed their "regular rate of pay" and their "overtime rate of pay" which resulted in an alleged violation of plaintiffs' rights to receive regular compensation and overtime compensation.

*Procedural History*

Plaintiffs filed their original complaint in the United States District Court for the Central District of California on October 9, 1980. The complaint set out four claims. The first claim alleged violation of the provisions of 29 U.S.C. § 207(k) (1976) relating to overtime wages. The second claim al-

leged violation of the minimum wage laws pursuant to 29 U.S.C. 206 (1977). The third and fourth claims alleged denial to plaintiffs of equal protection of the laws under the Fifth Amendment to the Constitution, due to defendant's failure to pay plaintiffs in the same manner as other similarly situated General Schedule employees. Subsequently, plaintiffs and defendant filed cross-motions for summary judgment in the District Court. Defendant's Cross-motion for Summary Judgment was denied. Plaintiffs' Motion for Summary Judgment was granted on their second claim, but claims one, three and four were found to be within the exclusive jurisdiction of this court pursuant to 28 U.S.C. 1406(c) (1976), amended by Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, § 132, 96 Stat. 39 (1982). Concurrently, so that the " . . . exclusive jurisdiction of the Court of Claims (sic) over plaintiffs' damage claims will not be undermined . . ." the claims for declaratory relief were dismissed with prejudice.[1] The District Court then transferred the remaining claims to this court, pursuant to 28 U.S.C. 1406(c) (1982). Thus, plaintiffs' first, third and fourth claims are now before this court.

Plaintiffs seek to characterize this action as one primarily for a declaratory judgment and secondarily for monetary damages. Accordingly, plaintiffs contend that this court lacks subject matter jurisdiction over this action since it allegedly seeks a declaratory judgment, and move for retransfer to the District Court, pursuant to 28 U.S.C. 1631 (1982). Defendant opposes plaintiffs' motion to retransfer viewing this as an action for monetary damages which, as a condition precedent, requires the court to interpret and apply certain statutes and regulations to determine whether plaintiffs are entitled to such damages.

**ISSUE**

The sole issue before the court at this time is whether the action lies within the jurisdiction of the United States Claims Court. More specifically, the question is whether this is an action for a declaratory judgment which lies outside the court's jurisdiction, or one for monetary damages which falls within the court's jurisdiction.

**DISCUSSION**

■ The court is not bound by the labels selected by a party in characterizing an action. The court must conduct a careful examination of a party's assertions to determine their true character. *Mason v. United States,* 222 Ct.Cl. 436, 442, 615 F.2d 1343, 1346 (1980). In viewing the present action, the court must examine the parties' substantive claims and characterize this action accordingly. In doing so, the court finds unpersuasive plaintiffs' allegations that this is an action primarily for a declaratory judgment. The court holds, as did the District Court, that this is a civilian pay action primarily for money damages based on alleged statutory and Constitutional violations and is, therefore, within the proper jurisdiction of the United States Claims Court.

■ Case authority relied upon by plaintiffs clearly defines the law as to the lack of jurisdiction of this court to grant declaratory relief. The courts have stated unequivocally that the United States Claims Court does not have jurisdiction to grant declaratory relief in actions such as this.[2] *See, e.g., United States v. King,* 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969); *United States v. Testan,* 424 U.S. 392, 397, 398, 96 S.Ct. 948, 952, 953, 47 L.Ed.2d 114 (1976). However, this court may properly interpret and apply statutes and review regulations incident to and as a necessary part of awarding money damages.[3] *See*

1. *Wheeler v. United States,* No. CV 80–4512 AWT, Slip Op. at 1–2 (C.D.Cal. July 26, 1982).

2. This court does, however, have jurisdiction to grant declaratory relief in specific instances, *i.e.,* disputes which occur prior to award of government contracts. 28 U.S.C. 1491(a)(3) (1982).

3. Plaintiffs argue that the United States Claims Court may properly apply statutes but may *not* interpret the inner workings of a statute in awarding money damages. Plaintiffs reply to defendant's opposition to plaintiffs' motion for retransfer at 2 (May 24, 1983). The court vehemently disagrees. The court may properly interpret or apply a money mandating statute or

*Alexander v. United States,* 1 Cl.Ct. 653 (1983) (WHITE, S.J.); *Ellis v. United States,* 222 Ct.Cl. 65, 69, 610 F.2d 760, 762 (1979); *Gentry v. United States,* 212 Ct.Cl. 1, 24, 546 F.2d 343, 355 (1976); *Austin v. United States,* 206 Ct.Cl. 719, 723, *cert. denied,* 423 U.S. 911, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975).

The United States Supreme Court in *United States v. Testan,* 424 U.S. 392, 397, 398, 96 S.Ct. 948, 952, 953, 47 L.Ed.2d 114 (1976), held that the Tucker Act, 28 U.S.C. 1491 (1976), amended by Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, § 133(a), 96 Stat. 39 (1982), confers jurisdiction upon the United States Court of Claims[4] only when there exists a substantive claim for money damages enforceable against the United States based on a statute which expressly waives the traditional sovereign immunity; in effect, a money mandating statute. *See Duncan v. United States,* 667 F.2d 36, 47 (Ct.Cl.1981); *Gentry v. United States,* 212 Ct.Cl. 1, 7, 546 F.2d 343, 346 (1976); *Austin v. United States,* 206 Ct.Cl. 719, 723, *cert. denied,* 423 U.S. 911, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975); *Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 605–607, 372 F.2d 1002, 1007,

1008 (1967). Therefore, the court must examine plaintiffs' claims in order to determine if these claims are based on a money mandating statute so as to fall within the jurisdiction of this court.

It is well settled that this court may evaluate its own jurisdiction at any time. *Berdick v. United States,* 222 Ct.Cl. 94, 99, 612 F.2d 533, 536 (1979). In *Alexander v. United States,* 1 Cl.Ct. 653 (1983) (WHITE, S.J.), the Claims Court exercised its jurisdiction by proceeding to a review of plaintiffs' claims on the merits.[5] There the court reviewed Federal Personnel Manual (FPM) letter 551–5 in conjunction with section 7(k) of the Fair Labor Standards Act of 1938, 29 U.S.C. 201, *et seq.* (The Act),[6] to determine if plaintiff law enforcement officers were entitled to additional overtime compensation. Plaintiffs here bring their first claim under section 216(b) of the Act, which grants federal employees the right to sue the United States for violations of the Act and to recover damages. Also at issue is FPM Letter 551–5[7] which includes detailed guidelines for computing overtime pay for law enforcement and fire protection employees pursuant to section 7(k) of the Act. Thus, the issues in the present case

---

attendant regulation if such is necessary or incident to awarding money damages. *Austin v. United States,* 206 Ct.Cl. 719, 723, *cert. denied,* 423 U.S. 911, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975). If such were not the case, the court would become, in effect, a mere paymaster. The court's purpose would be negated if, prior to awarding money damages, a District Court decision declaring liability or interpreting a statute was required.

4. The Federal Courts Improvement Act of 1982, Pub.L. No. 97–164 § 133(a), 96 Stat. 39, (1982), as it amended 28 U.S.C. § 1491, redesignated the court as the "United States Claims Court."

5. Plaintiffs at oral argument erroneously contended that *Alexander* is not controlling because jurisdiction was stipulated by counsel in that case. However, there was no stipulation of jurisdiction and plaintiffs conceded that the parties could not confer jurisdiction upon the court by stipulation if jurisdiction was not otherwise proper. *Transcript* at 24 (July 7, 1983). As the court stated in *Berdick v. United States,* 222 Ct.Cl. 94, 99, 612 F.2d 533, 536 (1979), "no amount of transferring from another court will create jurisdiction where none existed previ-

ously." Furthermore, a federal court has jurisdiction to determine its jurisdiction by proceeding to a decision on the merits. *Land v. Dollar,* 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947). Therefore, this court may properly evaluate the substantive claims set forth by plaintiffs and determine whether they are entitled to recover monetary damages from the government. *See Ellis v. United States,* 222 Ct.Cl. 65, 69, 610 F.2d 760, 762 (1979).

6. The Fair Labor Standards Act of 1938 established the Nation's first statutory minimum wage and overtime rate for work in excess of a prescribed maximum number of hours per work week. In 1974, Congress made the Federal Government subject to the Act as an employer. Fair Labor Standards amendments of 1974, Pub.L. No. 93–259, 88 Stat. 55 (codified in scattered sections of 29 U.S.C.). The 1974 amendments also added section 7(k) to the Act (29 U.S.C. 207(k)). Section 7(k) governs the overtime compensation of public employees engaged in fire protection or law enforcement activities.

7. *See* 5 C.F.R. 551.501–.541 (1983).

are precisely the issues that were before the court in *Alexander* and, upon a favorable determination for plaintiff, would clearly mandate recovery of money damages. Therefore, plaintiffs' first claim meets the jurisdictional test set out in *United States v. Testan,* 424 U.S. 392, 397, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976), and the court may properly retain jurisdiction. *See Beebe v. United States,* 226 Ct.Cl. 308, 316, 640 F.2d 1283, 1288 (1981).

Plaintiffs bring their third and fourth claims under the Fifth Amendment, alleging that the United States, in applying 5 U.S.C. 5332 (1978), failed to treat plaintiffs equally with all other similarly situated federal employees subject to the General Schedule wage scale. The Court of Claims in *Sam v. United States,* 682 F.2d 925, 935 (Ct.Cl.1982) *cert. denied* —— U.S. ——, 103 S.Ct. 786, 74 L.Ed.2d 993 (1983), held that this court has jurisdiction over Fifth Amendment equal protection claims that allege the unequal application of a statute which itself is within the court's jurisdiction. In that case the court found that sections 5333(b) and 5334(a) of Title 5, as interpreted by the government, if viewed as plaintiffs set forth in their pleadings, would give rise to a claim for money damages when construed under the Fifth Amendment. The present case is analogous since plaintiffs' claim for money damages is based on Section 5332 of Title 5 as interpreted by FPM Letter 551–5. Put another way, plaintiffs allege that the subject statute as interpreted by FPM Letter 551–5, if correctly construed according to the Fifth Amendment, requires this court to award money damages. This is precisely the type of case that is within the jurisdiction of this court. *Id.; see also United States v. Testan,* 424 U.S. 392, 397, 398, 96 S.Ct. 948, 952, 953, 47 L.Ed.2d 114 (1976); *Gentry v. United States,* 212 Ct.Cl. 1, 6, 546 F.2d 343, 346 (1976); *Austin v. United States,* 206 Ct.Cl. 719, 723, *cert. denied,* 423 U.S. 911, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975).

CONCLUSION

It is the opinion of this court that jurisdiction is properly before the United States Claims Court for plaintiffs' first, third and fourth claims. Accordingly, plaintiffs' motion to re-transfer is denied.

IT IS SO ORDERED.